## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 03-0244-WS-M |
| | ) |
| CHARLES E. HOUSTON and | ) |
| HATTIE Y. HOUSTON, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

On January 24, 2006, the Court entered an order directing the plaintiff to show cause why it had remitted the sales proceeds to the Clerk of the Court or provided a statement of the gross purchase price, costs and expenses, and net sale proceeds. (Doc. 26). The plaintiff has responded that, through its unintentional error, the sale proceeds were forwarded to the Treasury Department and applied against the defendants' tax deficiency. (Doc. 28). The Court is satisfied with the plaintiff's response and gratified by the plaintiff's candor and contrition.

Pursuant to the amended order of foreclosure and sale, (Doc. 23), the plaintiff is **ordered** to file and serve, on or before **February 22, 2006**, a statement of the gross purchase price, the IRS PALS' costs and expenses (including those of the United States Marshal, if any), and the net sale proceeds to be distributed by Court order. The Clerk is directed to give notice to the parties that he has received the statement.[1] Within 30 days after the Clerk gives such notice, each party claiming an interest in the proceeds of the sale shall certify to the Court and to every other party the amount of its claim. The plaintiff shall provide sufficient evidence and authority to allow the Court to enter a deficiency judgment without the necessity of a hearing.[2]

---

[1] Notice may be given by first class mail directed to the addresses reflected in the file.

[2] The plaintiff insists that, based on its review of real property records and its understanding of state and federal law, no person or entity could have an interest in the property or proceeds superior to its own. The plaintiff also asserts that the notice of sale provided any such persons or entities all the notice to which they could be entitled. Finally, the plaintiff states that the interests of any such persons or entities remain attached to the property and were not

DONE and ORDERED this 8th day of February, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

transferred to the proceeds.  The Court accepts these representations and accordingly will proceed only to distribute the proceeds as between the plaintiff and the defendants.  That procedure, based on the plaintiff's representations, does not absolve the plaintiff of potential liability should its representations prove inaccurate.